IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DENMAN KOUNTZE, JR.,** as President and Trustee of the Hitchcock Foundation, Naples, Florida,<br><br>        Plaintiff,<br><br>vs.<br><br>**FIRST NATIONAL BANK OF OMAHA,**<br><br>        Defendant. | **CASE NO. 8:04CV615**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion to Dismiss based on Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(b)(7), 17(a) and 19(a) filed by Defendant First National Bank of Omaha ("FNBO"). (Filing No. 18). FNBO contends that the Plaintiff, Denman Kountze, Jr., may not proceed with his claims against FNBO because he is not the real party in interest. FNBO argues that the real party in interest is the Gilbert M. and Martha H. Hitchcock Foundation ("Hitchcock Foundation"). Because FNBO contends that the Foundation is an indispensable party that cannot be made a party to the action without destroying the parties' complete diversity of citizenship, FNBO seeks dismissal based on Rule 12(b)(7) and on the Court's lack of subject matter jurisdiction under 28 U.S.C. § 1332. Kountze opposes FNBO's motion, arguing that he is the real party in interest, that FNBO breached its contractual and fiduciary duties to him personally and to the Foundation, and that the Foundation is not an indispensable party because Kountze can adequately protect the Foundation's interests in the litigation. The issues have been fully briefed.[1]

---

[1] The Plaintiff's Motion for Leave to File a Surreply Brief (Filing No. 26) is granted.

**STANDARD**

"[A]t issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case. . .. [T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Osborn v. United States*,  918 F.2d 724, 730 (8th Cir. 1990) *(citations omitted).  See also, Faibisch v. University of Minnesota,* 304 F.3d 797, 801 (8th Cir. 2002).

**FACTUAL BACKGROUND**

Most of the facts relevant to the pending motion are not in dispute.  Plaintiff Denman Kountze, Jr.,  is a citizen of Florida.  At the time of the events that give rise to the claims and at the time this action was commenced, Kountze was a Trustee and the President of the Gilbert M. and Martha H. Hitchcock Foundation.   Defendant FNBO is a Delaware corporation with its principal place of business in Nebraska.

The Hitchcock Foundation was established by Gilbert M. and Martha H. Hitchcock in 1943.  (Filing No. 19, Ex. A).  Following Martha Hitchcock's death in 1962, and pursuant to her Will, Kountze was given the exclusive right to vote the shares of stock that were bequeathed to the Foundation. (Ex.  2, hereafter "Kountze Aff." ¶¶ 4-6 and Ex. 1, Item IV, ¶9).[2]  The Will contemplates three trusts, identified as "Trust A,  Item IV" "Trust B, Item V," and "Trust C, Item XIII." (Will at pp. 2, 8, 14).  Trust A, at Item IV, concerns the Hitchcock

---

[2] Martha Hitchcock's Will is attached to Kountze's affidavit, and is identified as both Ex. 1 and Ex. A. It will be referred to throughout as the "Will."

2

Foundation. Kountze alleges that he possessed sole authority to direct the investments of the Foundation, and that until 2005, no other person in the Foundation had engaged in investment decisions for the Foundation. (Kountze Aff. ¶¶ 3, 6). Kountze was president of the Hitchcock Foundation for more than 20 years, from 1984 through 2004. *(Id.* at ¶ 3).

On January 14, 1987, FNBO's Trust Department and Kountze, on behalf of the Hitchcock Foundation, executed a document entitled, "Agency Agreement." (Filing No. 22, Ex. 1). According to the Agency Agreement, the Trust Department of FNBO became an agent for the Hitchcock Foundation. The scope of the agency was defined in part as follows:

> As such agent, you [FNBO] shall make such purchases, sales, and deliveries and otherwise deal with the property as I [ Kountze] may direct, and you [FNBO] are authorized and directed to collect the dividends, interest and other income on the property held in the account and dispose of the same as I [Kountze] may from time to time direct; to dispose of the monies received from the maturity, redemption, sale or other disposition of the property held in the account [that] I may from time to time direct; to register securities in the name of your nominee; to keep books of account and render a statement of receipts and disbursements and inventory of the assets not less often than annually.

*Id.* at Part I.

Kountze alleges that on April 2, 2001, FNBO's Trust Department purchased Enron bonds without his express consent; that FNBO later asked Kountze to ratify the purchase of Enron bonds, which Kountze refused to do; and that, despite Kountze's specific direction to sell the same bonds, FNBO refused to sell the Enron bonds until the bonds had lost nearly all their value. Kountze alleges that because the Enron bonds were purchased in the first instance, and because they were sold only after they lost their value, the Foundation sustained damage caused by FNBO.

## ANALYSIS

Kountze presents claims against FNBO based on breach of fiduciary duty, breach of contract, and negligence in violation of the Nebraska Prudent Investor Act, Neb. Rev. Stat. §8-2201 (Reissue 1997).  FNBO seeks to dismiss all claims because it argues that Kountze is not the real party in interest and that his status as former President and Trustee of the Hitchcock Foundation does not give him authority to bring this action in his own name.  Rather, FNBO contends that the Hitchcock Foundation is the real party in interest under Rule 17(a), that the Hitchcock Foundation is an indispensable party under Rule 19, and that Kountze's failure to join the Foundation requires dismissal under Rule 12(b)(7).  Further, FNBO argues that even if Kountze is given leave of the Court to join the Hitchcock Foundation, it would be joined as a Plaintiff and its presence in the suit would defeat the Court's subject matter jurisdiction.

Kountze opposes the motion contending that he is the real party in interest in his capacity both as a trustee for the charitable trusts identified in the Will under Fed. R. Civ. P. 17(a), and as the person who executed the Agency Agreement with FNBO.  Kountze also contends that in his capacity as Trustee and President, he had the authority to bring a derivative suit on behalf of the Hitchcock Foundation.  Because Kountze can represent the Foundation's interests, he argues that all necessary parties are joined in the suit and the Court has subject matter jurisdiction pursuant to 28. U.S.C. § 1332.

**Rule 17(a) and Real Party in Interest**

Federal Rule of Civil Procedure 17(a) states, in part:

(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of

an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; . . .. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The Eighth Circuit court has stated that Rule 17 "requires that the party who brings an action actually possess under the substantive law, the right sought to be enforced. . . . Such a requirement is in place 'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'" *United HealthCare Corp. v. American Trade Ins. Co.,* 88 F.3d 563, 568 - 569 (8th Cir. 1996)(*quoting* Fed.R.Civ.P. 17(a), Advisory Committee Note).

FNBO argues that Kountze is not a trustee of an express trust as that phrase is used in Rule 17, because the Will acknowledges the existence of the nonprofit charitable corporation that is the Hitchcock Foundation. (Will, Item IV). I agree. The Hitchcock Foundation was incorporated as a nonprofit corporation in 1943, and the Foundation is expressly referred to as "a charitable corporation incorporated and existing under Nebraska law" in the Will. *Id.* I find that when the bequest of stock was made to the Foundation, the Will's "Trust A" was terminated. See generally, *In re Myra Foundation,* 112 N.W.2d 552, 556 (N.D. 1961)(holding that where a will directed that a trust form a charitable corporation and transfer property of the estate to the corporation, the trust terminated upon its completion of its functions). Accordingly, the Hitchcock Foundation is governed by the provisions of the Nebraska Nonprofit Corporation Act, Neb. Rev. Stat. §§ 21-1902 to 19,177  (Reissue 1997), and I conclude that Trust A which was created in the Will for the

5

benefit of the Foundation and which is the only Trust that is the subject of the Complaint, terminated upon the transfer of the estate's property to the Foundation. I conclude that Kountze does not have standing as a trustee of an express trust under Rule 17.

FNBO also contends that Kountze cannot enforce the Hitchcock Foundation's rights in his own name, noting that a suit to enforce corporate rights or to redress an injury to a corporation must be brought in the name of the corporation and not that of a shareholder, officer, or employee. *See Wells Fargo Ag Credit Corp. v. Batterman,* 424 N.W.2d 870, 873 (Neb. 1988). As is plain from the caption of the Complaint, Kountze brings this action, at least in part, as "President and Trustee of the Hitchcock Foundation." (Complaint ¶1). Pursuant to Neb. Rev. Stat. § 21-1949, I conclude that Kountze has standing as a Trustee and President of the Hitchcock Foundation to bring a derivative suit on behalf of the Foundation.

FNBO also correctly argues that a Nebraska nonprofit corporation is the real party in interest in a derivative action, and that the individual who brings the action is only a nominal party. *Trieweiler v. Sears*, 689 N.W.2d 807, 829 -830 (Neb. 2004). As the real party in interest, the corporation would ordinarily be joined as a plaintiff. If the Hitchcock Foundation is joined as a plaintiff in this action, the parties would no longer be completely diverse as the Foundation and the Bank have citizenship in Nebraska for purposes of 28 U.S.C. § 1332. However, I find, as I did in the related case, *Kountze v. Gaines*, et al. (Case No. 8:04cv416 at Filing No. 44), that Kountze's position in this litigation is antagonistic to the Hitchcock Foundation's current directors. (See, i.e., Filing No. 22, Kountze Aff. Ex.2 "Minutes to the Board of Directors Meeting for January 11, 2005," p. 3). Kountze was relieved of his trustee and officer responsibilities by the Hitchcock

Foundation's current Board of Directors after this case was commenced. *Id.* The Hitchcock Foundation, as managed by the current Board of Directors, and Denman Kountze, Jr., have antagonistic interests. *Id.* Thus, the alignment of the parties according to their true interests in the dispute requires that the Hitchcock Foundation be joined, if at all, as a defendant in this case. See, *Smith v. Sperling,* 354 U.S. 91, 97 (1957); and *ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 45 (S.D.N.Y. 1992); *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir.1983). Moreover, the Court's subject matter jurisdiction based on the parties' diversity would not be affected if the Hitchcock Foundation is joined according to its interests as a defendant.

It also appears from Kountze's brief in opposition to the motion to dismiss that he is asserting a private cause of action based on FNBO's alleged breach of the Agency Agreement. Kountze relies on *Parrett v. Platte Valley State Bank & Trust Co.*, 459 N.W.2d 371 (1990), to support his claim that FNBO owed Kountze a duty that is separate and apart from the duty that it owed to the Hitchcock Foundation. FNBO argues that *Parrett* is easily distinguished from Kountze's case because the *Parrett* plaintiff had personally guaranteed the indebtedness of the corporation, and Kountze cannot present evidence of similar damage unique to him. While Kountze's execution of the Agency Agreement may put him in a special relationship to FNBO, that is not sufficient to state an individual claim for relief because Kountze has failed to allege any damage to him. Kountze was not a beneficiary of the Hitchcock Foundation, and his position as Trustee and President does not set his interests apart from the Foundation's other trustees and directors *vis a vis* FNBO.

The Nebraska Supreme Court has recognized that "there are circumstances in which individual damages may be appropriately awarded in connection with a derivative

7

action." *Trieweiler*, 689 N.W.2d at 829-30 (Neb. 2004).  Those circumstances are present, for example, "in the case of a closely held corporation, [where] a court in its discretion may permit an individual recovery to the plaintiff in an action raising derivative claims, if it finds that to do so will not unfairly expose the corporation or defendants to a multiplicity of actions, materially prejudice the interests of creditors of the corporation, or interfere with a fair distribution of the recovery among all interested persons." *Id.* at 838.  I find that the Foundation's nonprofit status distinguishes Kountze's claim from the circumstances contemplated in *Trieweiler*.  Because Kountze has not alleged individual injury or harm caused by FNBO's actions, the claims brought by Kountze in his individual capacity will be dismissed.

## Rule 19 and Need for Joinder

FNBO also contends that the Hitchcock Foundation is an indispensable party under Fed. R. Civ. P. 19.

Federal Rule of Civil Procedure Rule 19 states, in part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

8

Rule 19 permits a court to proceed without a party if nonjoinder of the party would not impair the court's ability to provide the parties with complete and effective relief in a single action, and if nonjoinder would not prejudice the rights of absent persons if the case is decided without them.  Fed. R. Civ. P. 19(b);  *See Spirit Lake Tribe v. North Dakota,* 262 F.3d 732, 746 (8th Cir. 2001)(framing the question as whether the person's "absence would render a judgment infirm, defective, or unfairly prejudicial in some fashion.")

Because Kountze no longer serves Hitchcock Foundation as a Trustee or as President, and because the Foundation is directed by persons who have interests antagonistic toward Kountze, I conclude that the Hitchcock Foundation's absence may render a judgment unfairly prejudicial to it in some fashion.  The Hitchcock Foundation's joinder in this action will ensure the Court's ability to provide complete and effective relief, and it will ensure that the Hitchcock Foundation's interests are fully represented in this proceeding.  I conclude that the Hitchcock Foundation is an indispensable party to this action and should be joined.   Plaintiff shall obtain service of process upon the Hitchcock Foundation within 30 days of this memorandum and order.

**Rule 12(b)(6)**

FNBO has also moved to dismiss under Rule 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted.  Taking as true all the allegations in the Complaint, I find that Kountze has failed to satisfy the requirements for pleading a derivative suit under the Nebraska Nonprofit Corporation Act because he has not alleged "with particularity the demand made, if any, to obtain action by the directors and either why the complainants could not obtain the action or why they did not make the demand."  Neb. Rev. Stat. § 21-1949(c).   The evidence provided to the Court in connection with the

Defendant's motion indicates that this requirement can be satisfied. Accordingly, the Court will give Kountze leave to file an amended complaint for the purpose of satisfying the requirements of §21-1949.

## CONCLUSION

Defendant's motion to dismiss based on Fed. R. Civ. P. 12(b)(6) is granted, but the Court shall grant Plaintiff Denman Kountze, Jr., leave to file an amended complaint to cure the pleading deficiencies and to join the Hitchcock Foundation as a party defendant.

IT IS ORDERED:

1. Defendant's Motion to Dismiss (Filing No. 18) is granted under Fed. R. Civ. P. 12(b)(6), but it is denied in all other respects;

2. Plaintiff's Motion for Leave to File a Surreply Brief (Filing No. 26) is granted;

3. Plaintiff is granted leave to file an amended complaint to satisfy the pleading requirements of Neb. Rev. Stat. § 21-1949 and to add the Gilbert M. and Martha H. Hitchcock Foundation as a party defendant;

4. The Amended Complaint shall be filed, if at all, with the Court and served upon the Defendant First National Bank of Omaha on or before September 16, 2005;

5. Service of process upon the Gilbert M. and Martha H. Hitchcock Foundation shall be obtained by September 30, 2005, or Plaintiff shall file a status report and state the cause for the delay.

DATED this 31st day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge